OPINION. Opper, Judge: The principle and, indeed, the essential facts, of the five cases disposed of in Commissioner v. P. G. Lake, Inc., 356 U.S. 260, rehearing denied 356 U.S. 964, are so similar to those involved here that it is impossible for us to distinguish them. There, the Supreme Court said (pp. 265, 266): The lump sum consideration seems essentially a substitute for what would otherwise be received’ at a future time as ordinary Income. The pay-out of these particular assigned oil payment rights could be ascertained with considerable accuracy. Such are the stipulations, findings, or clear inferences. In the O’Connor case, the pay-out of the assigned oil payment right was so assured that the purchaser obtained a $9,990,350 purchase money loan at 3% percent interest without any security other than a deed of trust of the $10,000,000 oil payment right, he receiving 4 percent from the taxpayer. Only a fraction of the oil or sulphur rights were transferred, the balance being retained. * * * The substance of what was assigned was the right to receive future income. The substance of what was received was the present value of income which the recipient would otherwise obtain in the future. In short, consideration was paid for the right to receive future income, not for an increase in the value of the income-producing property. The only difference here is that the duration of the assignment was not measured directly by the amount of collection of the in-oil payments by the assignee but rather was limited to the period it would take for the assignee’s loan to be repaid, presumably out of the oil payments. But the loan, in turn, was essentially the same as the payment made for the assignment since the consideration which petitioners received was supplied by the loan. The loan could, to be sure, have been paid sooner by the assignee, in the unlikely event that it chose to contribute other funds for that purpose. But in that case, the payments to be received by it would have come to an end even sooner. Here, as there, the amounts in controversy were “essentially a substitute for what would otherwise be received at a future time as ordinary income.” See Hort v. Commissioner, 313 U.S. 28. Decisions will be entered for the respondent.